IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAIME RODRIGUEZ NERI, #1678471, | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:24-cv-01378-E (BT) |
| DIRECTOR, TDCJ-CID | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Texas prisoner Jaime Rodriguez Neri's, 28 U.S.C. § 2254 habeas application attacking a 2010 aggravated sexual assault conviction. ECF Nos. 3, 7. For the reasons below, the Court should dismiss Neri's habeas application as untimely.

**Background**

On August 11, 2010, Neri pleaded guilty to aggravated sexual assault, and the Dallas County Criminal District Court No. 7 sentenced him to thirty years of imprisonment. *The State of Texas v. Jaime Rodriguez Neri*, F-0958674 (Dallas Cnty., Crim, Dist. Crt. No. 7, Aug. 11, 2010); ECF No. 7 at 2. He appealed that sentence, but, on March 8, 2011, the Texas Fifth Court of Appeals dismissed the appeal. *See* ECF No. 7 at 3; Details (dallascounty.org) (search for case number F0958674; last visited July 18, 2024).

Neri did not file a petition for discretionary review with the Texas Court of Criminal Appeals (CCA). ECF No. 7 at 3-4. Nor did he file a state habeas application. ECF No. 7 at 3-4. Instead, Neri filed a federal habeas application seeking a writ of "common law habeas corpus ad subjiciendum" more than a decade later, on June 4, 2024. ECF No. 3 at 27 (indicating that the original application was received in the prison mailroom on June 4, 2024); *see also Houston v. Lack*, 487 U.S. 266 (1988) (a pro se prisoner's court document is deemed to have been filed on the date that the prisoner delivers it to prison authorities for mailing to the district court, rather than the date it is received by the district clerk). And in response to an order and notice of deficiency, he filed his amended habeas application, the operative pleading, on July 8, 2024. ECF No. 7 at 15.[1]

## Legal Standards and Analysis

Under Rule 4 of the Rules Governing Section 2254 Cases, a court should conduct a preliminary review of an application to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases (2254 Rules).

---

[1] An amended complaint "supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). So, here, Neri's amended application is the operative pleading. However, both application challenge the 2010 conviction and sentence and are untimely as explained below.

2

While "the statute of limitations provision of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] is an affirmative defense rather than jurisdictional," a district court may dismiss a time-barred Section 2254 application sua sponte under Habeas Rule 4, so long as the parties are given fair notice and an opportunity to present their positions. *See Gaona v. Dir., TDCJ-CID*, 2023 WL 9198118, at *1 (N.D. Tex. Dec. 15, 2023), *rec. accepted* 2024 WL 130412 (N.D. Tex. Jan. 10, 2024) (citing *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) (*Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam)) (further citation omitted).

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Pub. L. 104-132, 110 Stat. 1214 (1996). Under the statute, the limitations period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). Here, there is no sign that the provisions of § 2244(d)(1)(B)-(D) are implicated. As a result, § 2244(d)(1)(A) applies.

Neri's habeas application is untimely under § 2244(d)(1)(A). Neri was convicted on August 11, 2010, and his direct appeal was dismissed on March 8, 2011. ECF No. 7 at 3. He did not petition for discretionary review. ECF No. 7 at 5. Therefore, for purposes of § 2244(d)(1)(A), his conviction became final on April 7, 2011, thirty days after the dismissal of his direct appeal, when his time for petitioning for discretionary review with the CCA expired. *See*, *e.g.*, *White v. Davis*, 2019 WL 1930229, at *2 (S.D. Tex. Apr. 30, 2019) ("White's sentence was imposed on July 22, 2010, and his conviction was affirmed as reformed on May 17, 2011. He did not file a petition for discretionary review with the Texas Court of Criminal Appeals, and the time for doing so expired thirty days after the appellate court judgment.") (citing Tex. R. App. P. 68.2(a)). Neri had until April 9, 2012, to file a federal habeas application.[2] But Neri did not file his federal habeas application until June 4, 2024, more than twelve years after the expiration of the filing deadline, so absent tolling, his application is untimely.

To escape that result, Neri argues that the AEDPA does not apply to him because he is not a terrorist, and he has not been sentenced to death. ECF No. 7 at

---

[2] April 7, 2012, was a Saturday.

4

11. But, despite its name, the AEDPA applies to any person in custody under the judgment of a state court who seeks habeas relief. *See* 28 U.S.C. § 2254(b)(1). Neri is a person in custody under the judgment of a state court seeking habeas relief, so the AEDPA—and its limitation period—applies to him.

Next, Neri argues that the AEDPA's statute of limitations violates the Suspension Clause of Art. I, § 9. ECF No. 7 at 11. But "[t]he 1-year limitations period of the AEDPA does not violate the Suspension Clause unless 'it renders the habeas remedy inadequate or ineffective to test the legality of detention.'" *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (citing *Miller v. Mann*, 141 F.3d 976, 977 (10th Cir. 1998) (quoting, in turn, *Swain v. Pressley*, 430 U.S. 372, 381 (1977)). And Neri has not shown how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing an application before the limitations period expired. Accordingly, dismissing Neri's application as time-barred would not violate the Suspension Clause.

Finally, although Neri does not make the argument, the Court has considered whether equitable tolling might apply. AEDPA's one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively

misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain*, 450 F.3d 601, 605-06 (5th Cir. 2006). Additionally, "'[e]quity is not intended for those who sleep on their rights.'" *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (citation omitted). Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" *Id.* at 715 n. 14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Here, Neri has not shown that he was actively misled or that he was prevented in some way from asserting his rights. He has not shown that this is the kind of "rare and exceptional" case in which equitable tolling could apply. His federal habeas application, filed more than thirteen years after a Texas appellate court dismissed his direct appeal, is untimely.

## Recommendation

The Court should sua sponte dismiss with prejudice Neri's federal habeas application under Habeas Rule 4.

SO RECOMMENDED.

July 22, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

6

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.